**Albert FIGER, Petitioner-Appellee,**

**v.**

**E. P. PERINI, Superintendent, Marion Correctional Institution, Respondent-Appellant.**

**No. 20726.**

United States Court of Appeals,
Sixth Circuit.

April 16, 1971.

Paul W. Brown, Atty. Gen. of Ohio, Stephen M. Miller, Asst. Atty. Gen., Columbus, Ohio, for appellant on brief.

James D. Kiger, Toledo, Ohio, Court Appointed, of record for appellee.

Before BROOKS and KENT, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

The State of Ohio appeals from a District Court order which granted the petition of Albert Figer for a writ of habeas corpus. Figer is serving a sentence imposed in the Court of Common Pleas for the County of Cuyahoga, Ohio. He and one other were convicted on jury trial of all counts of an indictment which charged them with burglary, larceny, possession of burglary tools, and forcible entry of a safe. The burglary and entry into the safe were accomplished after the burglars had cut a hole through the roof of a Cleveland store building. The criminal enterprise was obviously carried on by men of experience, skilled in the "relevant art." We consider it permissible also to observe that their apprehension was the product of police work of equal excellence.

At some point in the affair, which began at about 4:00 A.M., Figer and his codefendant were arrested and a motor vehicle in which they were riding was taken into police custody. A warrantless search of the car while at the police station produced evidence connecting Figer and his partner with the burglary. In keeping with current custom, Figer does not suggest that he was innocent of the crime for which he was convicted. His conviction was affirmed in the Court of Appeals of Cuyahoga County and in the Supreme Court of Ohio.

His grounds for relief in the District Court were his assertions that the police did not have probable cause to arrest him and that the warrantless search of his motor vehicle was not incident to a lawful arrest. In granting the writ, the District Judge said:

> "In the view taken by this Court, it need not decide the troublesome question of whether the arrest was based on facts sufficient to constitute probable cause since this Court is of the opinion that the search made of petitioner's car and the seizure of certain items found therein which were later introduced into evidence was unlawful."

His chief reliance was upon the case of Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). At the time of his decision, the case of Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) had not come down. The interpretation that the Supreme Court there put upon it impaired *Preston* as a controlling authority in the case at bar. The facts of the case before us fit more closely the police activities which, in *Chambers,* the Supreme Court found to be without offense to the Fourth Amendment. An evidentiary hearing was not held in the District Court, although a transcript of the state trial was before the District Judge. He did not pass upon the law-

fulness of Figer's arrest, so the question is not before us.

We have an initial impression that application of *Chambers, supra,* to the case at bar will call for a holding that the challenged search was valid. We therefore vacate the judgment of the District Court and remand the cause to that Court for reconsideration in the light of Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).